C. MURRAY HENDERSON, Warden, etc.

***v.***

STATE OF TENNESSEE ex rel. NORMAN LANCE.

419 S.W.2d 176.

(*Knoxville,* September Term, 1967.)

Opinion filed September 15, 1967.

GEORGE F. MCCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for plaintiff in error. JAMES P. WATKINS, District Attorney General, Loudon, represented the State in the trial court.

ARTHUR M. FOWLER, Loudon, for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Lance filed his petition for the writ of habeas corpus in the Circuit Court of Davidson County, Tennessee, and this petition was duly transferred under the statute by the Chief Justice to the Criminal Court of Loudon County which was the original convicting court. After the hearing before the trial court, Lance's petition was granted and he was ordered re-tried on the reinstated indictment. From this order the State through its Warden duly appealed, errors have been assigned, briefs filed and arguments heard.

Mr. Fowler was appointed to represent the petitioner, Lance, in the trial court (of course, because of Lance's indigency), and he has ably represented him there as well as in this Court. We take this opportunity to thank him for his very able work, and in addition to our thanks he is likewise entitled to a nominal fee as provided by statute which will be paid him upon presentation of the matter to the Executive Secretary.

The question presented by this appeal is whether or not the defendant in error, Lance, entered an invalid plea of guilty under the factual situation of the present case. As heretofore said the trial judge held that he did so enter an invalid plea, and the trial judge set the plea aside and granted a new trial.

This record, of course, shows that the State, representing the Warden of the penitentiary, takes an almost diametrically opposite position from that normally taken in various cases we have had in the past wherein the prisoner has tried to escape his plea of guilty when he was originally tried.

Factually this case shows that Mr. Lance had been convicted in an adjoining county and on this conviction had been paroled. While thus on parole the present crime was committed, wherein Lance was indicted for armed robbery. When this case was called for trial Lance pled guilty under an agreement with the District Attorney General and the prosecutor, through his then retained counsel, and accepted a conviction for the minimum and maximum under the robbery statute of five (5) years and that this sentence would run concurrently with the sentence given in the adjoining county under which he was out of prison on parole. It is conceded the effect of T.C.A. sec. 40-3620 is that the trial judge is powerless to order such a concurrent sentence. This statute insofar as here applicable reads:

"*Felony by parolee.*—If any prisoner be convicted in this state of a felony, committed while on parole from a state prison or workhouse, he shall serve the remainder of his sentence, under which he was paroled, or such part of that sentence, as the board may determine before he commences serving the sentence affixed while on parole."

The argument throughout the trial in the present application for the writ of habeas corpus is that normally the Board of Pardons and Paroles when there is such a violation as here, that is, the man while on parole commits another crime, takes into consideration the recom-

mendation of the trial court as to whether or not such statute is applicable. This is what retained counsel advised this man and the court as well. As we see it though, this is not the question. The statute is mandatory and when the prisoner does violate his parole he is required to serve the remainder of this sentence. Thus it is, the question arises under this record of whether or not this prisoner was so advised or should have known the prohibitive effect of this statute when he through his retained counsel (all three were eminent lawyers) waived his plea of not guilty and entered a plea of guilty under a trade with the prosecuting attorney to accept the minimum of five (5) years for this crime and that this amounted to an invalid submission.

We think that a fair way to approach the problem is to approach it from the standpoint of the reverse of the situation we have here, that is, that the prisoner is taking the position that in not being allowed to accept the principle of the concurrent running of the statute in this case it was void, and thus he would have to serve time in the case in which he was on parole; that is, if he had been required to thus serve that time he petitioned for parole therein whether or not under the factual situation here such would be either a misrepresentation or ignorance on the part of the prisoner and thus he would be entitled to the petition sought. The State herein and in previous cases has cited many of the cases here cited and cites the cases for the rule that a guilty plea which is induced by promises or threats loses its voluntariness and is void. *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; and *Olive v. United States,* 6 Cir., 327 F.2d 646, certiorari denied 377 U.S. 971, 84 S.Ct. 1653, 12 L.Ed.2d 740.

Scott v. United States, 6 Cir., 349 F.2d 641, and other cases from various Federal courts over the country, hold where different situations have arisen where the prisoner by a promise of lenient treatment pled guilty to the crime and was thus convicted, that such is void.

The State likewise cites the closely analogous case of Ex parte Pennington, 71 Okl. Cr. 263, 110 P.2d 923 [1941], wherein a plea of guilty of second degree forgery was made upon the representation of the prosecutor, and acquiesced in by the judge, that the defendant would receive a sentence of imprisonment which would be made to run concurrently with one previously imposed in a prosecution for second degree burglary which had been suspended during good behavior. It was held in that case that the failure of the judge to advise the petitioner that the result which he expected could not follow, because the court had no legal power to make the particular sentences run concurrently, was error, and for this reason the man was entitled to the writ of habeas corpus. The factual situation as to age, etc., varies in this Oklahoma case and other Oklahoma cases, but as we see it regardless of the age of this man when it was presented under the factual situation as this record shows it was the trial judge knew that he had no authority to order that the sentences run concurrently in view of this statute. When the trial judge failed at that time so to advise the prisoner, regardless of the argument of the prisoner's employed counsel, we think that in view of the fact that the prisoner was a layman and apparently a sub-standard citizen since he had been convicted of a crime in another county that a normal trial court under such a situation would have held that this man was entitled to a plea of habeas corpus if it had come up under the case where

he was put back into the penitentiary by reason of the statute above quoted wherein he violated his parole and the court was then required to put him back in the penitentiary. We think even if as it is argued by the Warden that the man should have known what was going to happen and his submission, or what he agreed to or had traded for couldn't work out like he thought it might that he is entitled to go back and have a new trial as was ordered in the instant case.

After having thought about the matter, heard able arguments, read the record and authorities, we agree that the trial judge was correct in his ruling herein. The trial judge relied upon our case of *Swang v. State*, 42 Tenn. 212, wherein it was held that:

"When it appears that the plea of guilty and submission was made by the accused under a total misapprehension of his rights, through official misrepsentation, fear or fraud the court will, during the term they were made and entered, allow such plea and submission to be withdrawn, and will set aside the judgment entered thereon, and will grant the accused the right to plead over, with a fair trial by an impartial jury."

Here, there was no official misrepresentation. The argument is made as to what they thought would happen, and it just was not right. When it appears that this is true the accused should be allowed to withdraw his plea. In this case the trial judge allowed the prisoner bail under this question of some $5,000.00, pending the retrial after he had finished serving the sentence upon which he was on parole. We think he has reached the correct conclusion, and the judgment below is thus affirmed.