IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE 1998 SESSION

**FILED**

**September 10, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

TOMMY JOE WALKER          )
                          )
          Appellant,      )          No. 01C01-9707-CR-00297
                          )
                          )          Davidson County
v.                        )
                          )          Honorable Walter C. Kurtz, Judge
                          )
STATE OF TENNESSEE,       )          (Writ of Habeas Corpus)
Ex Rel. Donal Campbell,   )
Commissioner of the Tennessee )
Department of Corrections and )
RICKY J. BELL, Warden,    )
                          )
          Appellees.      )

### DISSENTING OPINION

I respectfully dissent. I believe that the judgment of conviction orders the imposed sentence to be served concurrently with the sentences for which the petitioner was on parole. The judgment's reference to the Parole Board's discretion and ability to limit the "concurrency aspect" in its revocation proceeding is irrelevant to whether the sentences were ordered to be served concurrently. The Board may have the discretion to decide how much of the revoked parole sentence is to be served in confinement, but it is the statute, T.C.A. § 40-3620, that bars concurrent sentencing, not the Board. In this respect, the trial court's concurrent sentencing is void under Henderson v. State ex rel. Lance, 220 Tenn. 520, 419 S.W.2d 176 (1967).

Also, I question the analysis used by the majority opinion in deciding that "it is not clear on its face that the judgment is void." Although the judgment clearly states that the petitioner is being convicted of a felony, has "prior cases in which he has been paroled and charged with parole violation," and the sentence will run concurrently

to those sentences, the majority opinion refers to matters outside the record that are unclear, such as, whether parole was revoked and whether he served his sentences consecutively, to present a clouded view of the record. However, the bar to concurrent sentences provided by T.C.A. § 40-3620 operates and the void nature of the judgment remains regardless of whether the parole is revoked or how the sentence is served.

Also, although I fully agree with my colleagues' concerns about inordinate time passing before a petitioner makes a collateral attack upon a judgment of conviction, I do not believe that the doctrine of laches should apply to bar habeas corpus relief in Tennessee from a void judgment. Most of the cases cited by the majority opinion relate to procedures involving or similar to our post-conviction laws, not the issue of a void judgment. As the majority opinion notes, though, our supreme court has stated that habeas corpus has no time limitation. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In this respect, no amount of time should be able to turn a void judgment into a valid judgment.

_____
Joseph M. Tipton, Judge