IN THE  COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

March 11, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JERRY E. BIGGS, | * | C.C.A. # 01C01-9711-CR-00514 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Cheryl Blackburn, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Jeffery S. Frensley
211 Third Avenue North
P.O. Box 198288
Nashville, TN  37219-8288

For Appellee:

John Knox Walkup
Attorney General and Reporter

Daryl J. Brand
Senior Counsel
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

Roger Moore
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN  37201

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Jerry E. Biggs, appeals from the trial court's denial of his application for post-conviction relief. In this appeal of right, the single issue presented for review is whether the trial court erred by concluding that the guilty plea of the petitioner was knowingly and voluntarily made.

We affirm the judgment of the trial court.

On January 12, 1996, the petitioner entered a guilty plea to theft of more than $1,000 but less than $10,000, a Class D felony. As a part of the plea agreement, the state voluntarily dismissed other burglary and theft charges. The petitioner received a Range II, five-year sentence, to be served in the Department of Correction. At the time, the petitioner was on parole for a prior sentence for aggravated robbery and faced detainers in Williamson County, Tennessee, Florida, and Alabama.

In this petition for post-conviction relief, the petitioner contends that his counsel was ineffective for advising him that, because the parole violation hearing had not yet been held, his sentence could be concurrent if the judgment form was silent in that regard. The petitioner claims that he would not have entered into the plea agreement had he understood that the sentences would not be concurrent.

At the conclusion of the evidentiary hearing, the trial court accredited the testimony of the petitioner's trial counsel, a veteran public defender, who stated that his file records would have reflected any request on the part of the petitioner for a concurrent sentence. The trial judge ruled that there was a "clear discussion in the guilty plea transcript of the sentence and how [] by operation of law it would be

consecutive to any unfinished sentences of the petitioner." The trial court concluded that the plea was knowingly and voluntarily made and more specifically ruled that "the petitioner was not credible on any issue regarding [his attorney's] representation."

In this appeal, the petitioner argues that the sentencing court failed to address the consecutive sentencing issue during the submission proceeding and had a duty to do so. The state argues to the contrary.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, no relief is warranted. As to guilty pleas, the petitioner must establish a reasonable probability that, but for the errors of his counsel, he would not have entered the plea and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). In Henderson v. State, 419 S.W.2d 176, 178 (Tenn. 1967), our supreme court ruled that a plea agreement which included concurrent sentencing for an offense committed while the defendant was on parole for a prior crime, rendered the plea void. When the accused enters a plea wherein all parties agree to a lesser sentence than is permissible by law, "the accused should be allowed to withdraw his plea." Id.; see State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978); Terry L. Charlton v. State, No. 01C01-9701-CC-00002 (Tenn. Crim. App., at Nashville, Aug. 20, 1998). In each of these cases, the petitioner and the other parties clearly agreed to concurrent sentencing.

3

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

The overriding determination on the validity of a guilty plea rests upon whether it was knowingly and voluntarily entered. State v. Neal, 810 S.W.2d 131, 139-40 (Tenn. 1991), overruled in part by Blankenship v. State, 858 S.W.2d 897 (Tenn. 1993). If the proof establishes that the petitioner was aware of his constitutional rights, he is entitled to no relief. Johnson v. State, 834 S.W.2d 922, 926 (Tenn. 1992). "[A] plea is not 'voluntary' if it is the product of '[i]gnorance, [or] incomprehension ....'" Blankenship, 858 S.W.2d at 904 (quoting Boykin v. Alabama, 395 U.S. 238, 242-43 (1969)).

While it could have been more clearly stated, the transcript of the guilty plea hearing suggests that "by operation of law" the sentence would be consecutive. The state and the petitioner agreed that the sentencing court would leave the judgment form silent on the issue of consecutive sentence, apparently to accommodate his request to receive a Department of Correction sentence rather than a sentence with the Corrections Corporation of America. Obviously, the petitioner demonstrated knowledge on the subject: "I'm a hundred percent sure TDOC will accept me." From this and other portions of the record, we are persuaded that the petitioner knew and understood the terms of the plea agreement. That is, that he was willing to accept the risks of the silent record. Thus, the

4

petitioner has not demonstrated his claim by clear and convincing evidence.

In summary, the evidence does not preponderate against the findings made by the trial court at the conclusion of the evidentiary hearing. Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John H. Peay, Judge


_____
Jerry L. Smith, Judge