IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 28, 2003

## STATE OF TENNESSEE v. GREG SMITH

**Direct Appeal from the Criminal Court for Campbell County**
**No. 11061   E. Shayne Sexton, Judge**

**No. E2003-01092-CCA-R3-CD**
**February 18, 2004**

JOSEPH M. TIPTON, J., concurring.

I agree with the result reached and most of the reasoning used in the majority opinion. However, I question the conclusion that the trial court was without jurisdiction to entertain a request to grant earned pretrial jail credits.

As the majority opinion notes, the state asserts that the petitioner's proper avenue of relief was through administrative procedures once he was in the custody of the Department of Correction (DOC). What is not noted, though, is that such procedures would be useless when the claim relates to the failure of the trial court to award pretrial jail credits. Pursuant to T.C.A. § 40-23-101(c), the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The DOC is powerless to change what the trial court awarded or failed to award.

The issue of interest, though, is whether the trial court has the power to award duly earned pretrial jail credit after the trial court has otherwise lost jurisdiction of the case. Also as the majority opinion notes, the trial court may correct an illegal sentence at any time. In this respect, a panel of the court of appeals has indicated its belief that the failure to award pretrial jail credits as mandated by T.C.A. § 40-23-101(c) renders the sentence illegal and subject to correction at any time. See Christopher Johnson v. Tennessee Department of Correction, No. 01-A-01-9602-CH-00064, Davidson County (Tenn. Ct. App. Aug. 7, 1996), app. denied (Tenn. Dec. 23, 1996). Also, a panel of this court has affirmed the trial court's award of pretrial jail credits after the defendant was in DOC custody. See Matthew P. Finlaw v. Anderson Co. Jail, No. 03C01-9212-CR-00448, Anderson County (Tenn. Crim. App. Aug. 13, 1993); State v. Christopher Oliver, No. 03C01-9212-CR-00447, Anderson County (Tenn. Crim. App. May 11, 1993). In State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997), this court stated that Finlaw and Oliver were based upon "unique circumstances which authorize the trial court to entertain requests for declaration of proper sentence credits." My concern is that the trial court either has jurisdiction to correct pretrial jail credits or it does not, "unique circumstances" aside. I believe that the trial court may correct judgments relative to earned, but not awarded, credits.

When certain action is mandated or prohibited by statute, the Tennessee Supreme Court has viewed sentences to be correctable, even after the judgments have become "final." In State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), the petitioner was in prison for burglary when he escaped. Five months after his recapture, he pled guilty to escape and received a one-year sentence. The judgment gave the petitioner jail credit for the five months since his recapture, thereby effectively running his escape sentence concurrently with the burglary sentence. However, pursuant to T.C.A. § 39-3802 (1975), punishment for escape from the DOC "shall . . . commence from and after the expiration of the original term." The supreme court concluded that the trial court's judgment "was in direct contravention of the express provisions of T.C.A. § 39-3802, and consequently was a nullity." 566 S.W.2d at 873. It stated that the trial judge "had both the power, and the duty, to correct the judgment . . . as soon as its illegality was brought to his attention." Id.

In Henderson v. State ex rel. Lance, 220 Tenn. 520, 419 S.W.2d 176 (1967), the Tennessee Supreme Court affirmed the grant of habeas corpus relief to a petitioner who pleaded guilty to armed robbery under an agreement by which his sentence would run concurrently with the sentence for which the petitioner had been on parole when he committed the robbery. Pursuant to T.C.A. § 40-3620, the commission of a felony by a parolee required the original sentence to be served before the parolee began serving the new sentence. The court noted that the state conceded that under the statute, the trial judge was powerless to order concurrent sentences. 220 Tenn. at 522, 419 S.W.2d at 177. More recently, in McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), the habeas corpus petitioner pled guilty to several rapes and a burglary, receiving concurrent sentences. He sought to void the convictions, and his habeas corpus petition alleged that he was on bail from one of the rape charges when he committed the second rape and burglary. He relied upon T.C.A. § 40-20-111(d) and Rule 32(c)(3)(C) which provide that a sentence for a felony committed while released on bail shall be served consecutively regardless of what the judgment provides. The supreme court concluded that such concurrent sentencing would render the sentences illegal and create a void judgment for which habeas corpus relief would be available. 59 S.W.3d at 91.

As previously noted, T.C.A. § 40-23-101(c) provides that the trial court "shall, at the time the sentence is imposed . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served . . . subsequent to any conviction . . . ." As our supreme court has said, the awarding of such jail credit is mandatory. Stubbs v. State, 216 Tenn. 567, 576, 393 S.W.2d 150, 154 (1965). I believe these circumstances leave the power to correct the awarding of pretrial jail credits with the trial court.

However, I concur in the result reached in the majority opinion. The case is not properly before us.

_____
JOSEPH M. TIPTON, JUDGE