IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs August 19, 2003

## JOHNNY L. McGOWAN, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 00C-3729     Thomas W. Brothers, Judge**

---

**No. M2003-00268-CCA-R3-CO - Filed April 7, 2004**

---

The petitioner directly appeals the dismissal of his petition of writ of habeas corpus. The judgment of the habeas court summarily dismissing the petition for writ of habeas corpus is reversed, and this case is remanded to the Circuit Court of Davidson County for appointment of counsel and an evidentiary hearing. If the habeas corpus court finds the sentence to be illegal, the court must then remand the case to the Rutherford County Criminal Court, where the convictions occurred. On remand to the original convicting court, the petitioner's guilty plea may be withdrawn if concurrent sentencing was a condition of his plea agreement.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Johnny McGowan, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; and Mark A. Hudson, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

On January 24, 1994, the petitioner, Johnny L. McGowan, Jr., pled guilty to the following offenses: aggravated arson, arson, six counts of reckless endangerment with a deadly weapon, and two counts of vandalism. The petitioner received a sentence of twenty years for aggravated arson, five years for arson, and one year on each of the eight remaining counts. All sentences were ordered to run concurrently with the twenty-year sentence for aggravated arson. The judgment also reflects that the twenty-year sentence was ordered to run concurrently with a prior, apparently unrelated case in Rutherford County, bearing case number 27110. The record is devoid of any details concerning case number 27110.

On December 28, 2000, the petitioner filed a writ of habeas corpus, alleging three grounds for relief:

    a. The sentence was void because it was ordered to run concurrent to the prior unrelated offense, in contravention of statutory law;

    b. Counsel was ineffective for coercing the petitioner to enter into an illegal plea; and

    c. The petitioner's continued incarceration is unconstitutional.

The trial court, on October 11, 2001, entered an order dismissing the petitioner's writ of habeas corpus. The order characterized the sentence in this cause as void and illegal, due to its contravention of statutory law which mandated consecutive sentencing to the prior, unrelated offense. However, the trial court noted that the petitioner had not challenged the validity of the sentence in case number 27110 and presumed it valid. The trial court further noted that the Criminal Court of Rutherford County retained authority to correct the illegal sentence. The petitioner filed a notice of appeal on January 24, 2003.

The State contends that the petitioner's appeal should fail due to the untimely filing of the notice of appeal. See Tenn. R. App. P. 3(e) and 4(a). However, in the interest of justice, we have decided to waive the timely filing of the notice of appeal. See id. 4(a).

The grounds upon which habeas corpus relief is warranted are decidedly narrow. The writ will issue only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be used to challenge judgments that are void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment, or because the defendant's sentence has expired." Id. (citations omitted). By contrast, a voidable conviction or sentence is one which is facially valid, and thus requires proof beyond the face of the record or judgment to establish its invalidity. Id. The burden of proof that the judgment or sentence is "void," rather than "voidable," rests with the petitioner. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A sentence imposed in direct contravention of a statute is void and illegal. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). The petitioner alleges, and the trial court apparently agreed, that the felony offenses in case 27457 were committed while the petitioner was out on bond for case 27110. Thus, the concurrent sentences would be in direct contravention to Tennessee Code Annotated section 40-20-111(b), which provides the following: "In any case in which a defendant commits a felony while such defendant was released on bail, . . . the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively."

In McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), the habeas petitioner filed a petition in the Davidson County Criminal Court alleging that he had been released on bail on a charge out of Jefferson County when he committed two additional felonies in that county. The petitioner submitted a plea agreement for all these charges to the Jefferson County Circuit Court. The plea agreement contained a provision that all three of the petitioner's sentences were to be served concurrently. The petitioner further alleged that, because he was on bail for one felony when he committed two others, his sentences were illegal, because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandated consecutive sentencing under such circumstances. In light of the fact that his agreement to serve concurrent sentences was illegal, the petitioner maintained his pleas of guilty were not knowingly or voluntarily entered and should be set aside.

The Tennessee Supreme Court held that if McLaney's allegations about being on bail when he committed two additional felonies were true, then concurrent sentences would be in direct contravention of the law, illegal, void, and subject to review by way of a writ of habeas corpus. The supreme court therefore remanded the case to the Davidson County Circuit Court and directed that the court appoint counsel and conduct a hearing with respect to whether McLaney was indeed free on bail at the time he alleged. The court noted that if the Davidson County habeas court determined that the allegations were true, the Davidson County court should declare the concurrent sentences void and then transfer the case to the Jefferson County trial court for imposition of a legal sentence should the petitioner agree, or if no legal plea agreement could be reached, the petitioner must be allowed to withdraw the original plea. McLaney, 59 S.W.3d at 92-95.

We are unable to ascertain from the record before us whether the petitioner was out on bond for case 27110 when any of the other felony offenses were committed. Additionally, the petitioner alleges that his guilty plea was a result of a plea bargain. Included in the plea agreement was the provision that all of the sentences would be served concurrently. However, as the trial judge did not hold a hearing on this issue, we cannot resolve it on the record before us. Therefore, the judgment of the habeas court summarily dismissing the petition for writ of habeas corpus is reversed, and this case is remanded to the Circuit Court of Davidson County for appointment of counsel and an evidentiary hearing. The habeas court noted in its order that the "only relief afforded a petitioner when seeking habeas corpus relief is discharge from custody." See Tenn. Code Ann. § 29-21-122(a). However, "although the commitment of the person detained may have been irregular, still, if the court or judge is satisfied, from the examination, that the person ought to be held to bail, or committed, either for the offense charged, or any other, the order shall be made accordingly." Id. § 29-21-123. Apparently, the habeas court concluded that the petitioner was being validly held under the sentence in case 27110. However, the petitioner alleges that the sentence in that case expired before the filing of his habeas corpus petition. The record before us does not contain any information as to the specifics of the sentence in case 27110. The petitioner filed a motion for appointment of counsel and clearly had a right to appointed counsel if the court found him to be indigent. Tenn. Sup. Ct. R. 13, § 1(d)(4); Tenn. Code Ann. § 8-14-205. Had counsel been appointed, presumably he would have brought forth documentation concerning sentence 27110. Upon our remand, if the habeas corpus court finds the sentence to be illegal and finds that the

sentence in case 27110 has expired, the court must then remand the case to the Rutherford County Criminal Court, where the convictions occurred. On remand to the original convicting court, the petitioner's guilty plea may be withdrawn if concurrent sentencing was a condition of his plea agreement. See e.g. McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000); Henderson v. State, 220 Tenn. 520, 419 S.W.2d 176 (1967).

_____
JOHN EVERETT WILLIAMS, JUDGE