IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 19, 2005

**KENT OUSLEY v. DAVID MILLS, WARDEN**

**Appeal from the Circuit Court for Lauderdale County**
**No. 5894     Joseph H. Walker, Judge**

---

**No. W2004-02078-CCA-R3-HC  - Filed June 17, 2005**

---

The petitioner, Kent Ousley, appeals the trial court's denial of his petition for habeas corpus relief. The single issue presented for review is whether the petition was properly dismissed. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Kent Ousley, Henning, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 5, 1982, the petitioner, who entered pleas of guilty to two counts of first degree burglary, two counts of second degree burglary, and one count of larceny over two hundred dollars, was sentenced by the Shelby County Criminal Court to concurrent prison terms of not less than six nor more than ten years. Thereafter, on November 11, 1983, the petitioner, while apparently on a form of work release from the Department of Correction, committed an aggravated rape, a Class X felony, in Shelby County. He was convicted on March 16, 1984 and received a forty-year sentence. The 1984 judgment, which included 126 days of jail credit, did not affirmatively indicate whether the sentence was to be served concurrently or consecutively to the 1982 sentence.

On August 16, 2004, the petitioner filed this petition for writ of habeas corpus asserting that because he was on work release for the 1982 convictions when he committed the aggravated rape, the sentence in that case should have been ordered to be served consecutively to his prior sentence. He also claimed that the 1984 judgment is illegal because the trial court failed to indicate on the judgment form whether the sentence was to be concurrent or consecutive to the 1982 sentence. As

support for his argument, the petitioner pointed to Rule 32 of the Tennessee Rules of Criminal Procedure, which pertains to the circumstances under which sentences are to be served concurrently or consecutively, and this court's ruling in Taylor v. Morgan, 909 S.W.2d 17 (Tenn. Crim. App. 1995).[1] Citing Taylor, the petitioner asserted that the 1984 judgment was illegal because it provided that the sentence be served concurrently to the 1982 sentence when, because he was on work release at the time of his conviction, consecutive sentencing was mandatory.

The trial court reviewed the pleadings, determined that the sentence had not expired, and concluded that the terms of Rule 32 of the Tennessee Rules of Criminal Procedure did not mandate consecutive sentencing for a crime committed on work release unless it was committed during an escape. After determining that a sentence that does not require consecutive sentencing must be deemed concurrent to a prior sentence, the trial court ruled that the 1984 sentence was not illegal, denied habeas corpus relief, and dismissed the petition without a hearing.

In this appeal, the petitioner argues that because consecutive sentencing was mandatory under Rule 32(c) of the Tennessee Rules of Criminal Procedure, the 1984 judgment, which was silent on the issue of service related to the 1982 sentence, is illegal. The petitioner concludes that because the 1984 judgment is illegal under Rule 32(c)(3) and because his 1982 sentence is expired, he is entitled to release. The petitioner also argues that the 1984 sentence is illegal because the ruling in Taylor provides that consecutive sentencing is mandatory when an offender commits a felony while on work release. In response, the state submits that the 1984 sentence is not illegal because the judgment does not indicate that the petitioner was on work release and is not otherwise invalid on its face.

The law governing habeas corpus is well settled. Article 1, section 15 of the Tennessee Constitution provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than a hundred years. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656, 657 (1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specific in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101. The burden, however, is on the petitioner to establish by a preponderance of the evidence that the challenged judgment is void or that a term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). Habeas corpus relief is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). A petitioner cannot attack a facially valid

---

[1] While the petitioner also made reference to Tennessee Code Annotated section 40-35-209(e)(15), which places a duty upon the district attorney general to complete the uniform judgment document indicating, among other things, whether the sentence is to be served concurrently or consecutively, this issue was not addressed on appeal and it is our view that this provision would not entitle the petitioner to habeas corpus relief.

conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). If the allegations in a petition for habeas corpus relief fail to state a cognizable claim, the trial court may summarily dismiss the petition. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Rule 32(c)(3), which governs mandatory consecutive sentencing, provides as follows:

> Where a defendant is convicted of multiple offenses from one trial <u>or where the defendant has additional sentences not yet fully served as the result of convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly orders or not.</u> The rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;
> (B) to a sentence for escape or for a felony committed while on escape;
> (C) to a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> (D) any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3) (emphasis added).

As indicated, the trial court ruled that Tennessee Rule of Criminal Procedure 32(c)(3) did not compel a consecutive sentence for a prisoner on work release. While acknowledging that this portion of the rule contemplated a consecutive sentence for a felony offender on parole, escape, or bail, the trial court found no specific provision requiring a consecutive sentence for one on work release, where the prisoner continues to earn credits against his prison term. While there is no specific reference to a work release classification in Rule 32(c)(3), subsection (D) of the rule provides for consecutive sentencing on the basis of "any other ground provided by law." Tenn. R. Crim. P. 32(c)(3)(D). As will be discussed more fully below, this court has interpreted the provisions of Tennessee Code Annotated section 40-28-123 to require consecutive sentencing for those who commit a felony while on work release. See Taylor v. Morgan, 909 S.W.2d 17 (Tenn. Crim. App. 1995). In consequence, it is our view that the provisions of Rule 32 would not entitle the petitioner to habeas corpus relief.

The petitioner also argues that his 1984 sentence is illegal because of the ruling in Taylor, wherein this court addressed a similar situation. Taylor, who had received a prior life sentence that had been commuted to twenty years and one day, received a twenty-year sentence for a bank robbery committed while on a work release program for the prior conviction. He filed a petition for habeas corpus relief arguing that the robbery sentence, which was specifically ordered to be served concurrently to the prior sentence, was in direct contravention of Tennessee Code Annotated section 40-3620 (1978 Supp.). See Tenn. Code Ann. § 40-28-123. Citing Henderson v. State ex rel. Lance,

220 Tenn. 520, 419 S.W.2d 176 (1967), which held that a concurrent sentence for an offender who committed a felony while on parole was illegal, this court concluded that Taylor's robbery sentence should have been consecutive to the prior sentence under the terms of the statute because Taylor committed the offense while on work release. This court concluded that the judgment, which ordered concurrent sentencing, was void for lack of jurisdiction, leaving the petitioner with "no sentence at all." Taylor, 909 S.W.2d at 20. Nevertheless, this court ruled that Taylor was not eligible for habeas corpus relief because he was not entitled to release from his prior sentence which, by then, had been reinstated as a life sentence as a result of a revocation of the commutation by the governor.

The Taylor ruling must be given some consideration in relation to the second issue. Initially, this case is distinguishable because unlike Taylor, where concurrent sentencing was ordered in the judgment, the petitioner's 1984 judgment is silent on the issue. In addition, the Taylor opinion relied heavily upon Henderson, wherein a parolee was given a concurrent sentence contrary to statute, even though Taylor was on a work release program, a status treated differently by the same statute. See Tenn. Code Ann. § 46-3620 (Supp. 1978) (current version at Tenn. Code Ann. § 40-28-123 (2003)).

The current version of the statute, which is identical to the provision in effect at the time of both Taylor's and the petitioner's convictions, provides, in pertinent part, as follows:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole. . . .

Tenn. Code Ann. § 40-28-123(a) (2003) (emphasis added). This statute has been interpreted to require, as a matter of law, that the sentence for an offense committed while on parole be served consecutively to the prior sentence. State v. Venable, 606 S.W.2d 298 (Tenn. Crim. App. 1980).[2] Section (b)(1) of the statute, however, specifically addresses prisoners "assigned to any work release, educational release, restitution release, or other program . . . [involving] release into the community," disqualifying them from parole or work release eligibility if convicted of a felony other than escape but not otherwise requiring a consecutive sentence for the subsequent offense. Tenn. Code Ann. § 40-28-123(b)(1) (2003). This language implies that the General Assembly intended different treatment for those on work release and other similar programs than those on parole, including concurrent sentencing for the subsequent offender. See generally State v. Gerald Webster, No. 02C01-9703-CR-00119 (Tenn. Crim. App., at Jackson, Jan. 5, 1998) (setting out the rules of statutory construction).

_____

[2] Only one other case, Ronald Dee Watt v. State, No. 03C01-9609-CR-00343 (Tenn. Crim. App., at Knoxville, Jan. 28, 1999), holds that the sentence for a felony committed on work release must be served consecutively to the prior sentence. This case relies upon the holdings in Henderson and Taylor.

The facts here are closely aligned with those in <u>Taylor</u> in that both petitioners were on work release. Taylor, who was specifically granted a concurrent sentence, was not granted habeas corpus relief because his prior sentence had been restored to a life term and he was not entitled to immediate release, a pre-requisite before the grant of a writ. In <u>Taylor</u>, this court's ruling was that the charges which had resulted in the twenty-year sentence were incorrectly ordered to be served concurrently, were void, and were still pending subject to resolution at a future date. The observation that the second sentence was illegal because it was ordered to be served concurrently to the first had no bearing on the outcome of that case but is controlling precedent in this case notwithstanding the language of the statute, which does not appear to preclude a concurrent sentence for the petitioner who committed a felony while on work release from prison. In our view, this court is bound by <u>Taylor</u>, which stands for the proposition that anyone on work release who commits a felony, by the terms of the statute, must receive a consecutive sentence.

The trial court found that Tennessee Rule of Criminal Procedure 32(c)(3) did not require consecutive sentencing but it did not address the catchall provision (D) of Rule 32(c)(3), requiring a consecutive sentence on "any other ground provided by law." Although the statute in effect at the time did not appear to require consecutive sentencing, our ruling in <u>Taylor</u>, a published opinion, has interpreted it as so. Rule 32 provides that when the law requires a consecutive sentence, "the sentence shall be consecutive whether ordered or not." Tenn. R. Crim. P. 32(c)(3). Because the 1984 judgment did not order a concurrent sentence, it was not illegal. Because Rule 32 in conjunction with <u>Taylor</u> requires that the 1984 sentence be interpreted as consecutive, the petitioner is not entitled to habeas corpus relief.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE