IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2015


**STATE OF TENNESSEE v. ALBERT H. TAYLOR**

**Appeal from the Criminal Court for Shelby County**
**No. 91-06144, 91-07912     James M. Lammey, Judge**

_____


**No. W2014-02446-CCA-R3-CD  -  Filed October 13, 2015**

_____


ROBERT L. HOLLOWAY, JR., J., concurring in results only.


Although I concur with the lead opinion's holding that this case needs to be remanded for the appointment of counsel and a hearing, I write separately to express my opinion that, if the evidence at the hearing proves that the effective sentence entered in 1992 has been fully served and has expired, the controversy is moot and not justiciable. Moreover, even if the effective sentence has not expired, if the proof establishes only that the Defendant's three-year illegal concurrent sentence[1] has been fully served, I would hold that the fulfillment of the promise of concurrence purged the illegality from the Defendant's effective sentence such that the controversy is moot and not justiciable and the Defendant would not be entitled to relief under Rule 36.1.

*Habeas Corpus Relief for Illegal Concurrent Sentences*

Historically, most defendants seeking relief from an illegal concurrent sentence filed a petition for writ of habeas corpus in the county in which they were incarcerated.[2] See Tenn. Code Ann. §§ 29-21-101, -105, -107. Habeas corpus relief was only available if: (1) it was evident from the face of the judgment or the record of the proceedings that

---

[1]As used in this concurring opinion, an "illegal concurrent sentence" is a sentence that was required by statute or rule to be served consecutively to another sentence but that was ordered to be served concurrently, and "effective sentence" means the total sentence the defendant is require to serve pursuant to a plea agreement, which may include an illegal concurrent sentence.

[2] In a limited number of cases, a defendant sought relief in a post-conviction proceeding, but the short statute of limitation for filing a post-conviction relief petition limited its use.

the judgment was void, and (2) the habeas corpus petitioner was restrained of his or her liberty as a result of the void judgment. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

In State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), the defendant pleaded guilty to escape and was sentenced to one year imprisonment to be served concurrently with his prior burglary conviction. Id. at 872. Despite the trial court's order, the Tennessee Department of Correction ("TDOC") informed the defendant that his sentence for escape must be served consecutively to his sentence for burglary, see Tenn. Code Ann. § 39-16-605(d), and TDOC adjusted his records accordingly. Id. The defendant filed a petition for writ of habeas corpus asking the trial court to order TDOC to honor the concurrent alignment of his sentence, but the trial court dismissed the petition without a hearing. Id. On appeal, this court held that the trial court "may not correct the sentence to conform to the statute after the judgment has become final." Id. Our supreme court reversed, holding that "a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." Id. at 873. The case was remanded with instructions for the trial court to determine if the mandatory consecutive escape sentence had been ordered to be served concurrently and, if so, to allow the petitioner the opportunity to withdraw his plea as to the escape charge and proceed to trial. Id.

In McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), McLaney pleaded guilty to aggravated rape on November 10, 1986, and to rape and third degree burglary on November 12, 1986. Id. Pursuant to a plea agreement, he was sentenced to forty years for aggravated rape, twenty years for rape, and seven years for third degree burglary, and the sentences were ordered to run concurrently. Id. In 1998, McLaney filed a pro se petition for habeas corpus relief claiming his effective forty-year sentence was illegal because he was released on bail for aggravated rape when he committed the subsequent offenses of rape and third degree burglary.[3] Id. The trial court dismissed the petition, finding there was "no clear proof in the documents submitted with the petition that the sentence was void." Id. at 94. This court affirmed, but our supreme court reversed and remanded the matter to the trial court "for appointment of counsel and a determination whether the face of the judgment or the record of the proceedings indicates that McLaney committed the offenses for which he received the concurrent sentence while on bail for a felony offense." Id. at 91-92. Our supreme court stated:

> In this case, McLaney entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal. Under these particular facts it has been recognized that "[t]here can be little doubt that a guilty

_____

[3] It appears that, at the time McLaney filed his petition, at least one of his illegal concurrent sentences had not been fully served. See id. at 92 (McLaney was sentenced to twenty years for the rape conviction, and he filed his Petition for Writ of Habeas Corpus eleven years after he pleaded guilty).

plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside where the promise of concurrency is not fulfilled." West Virginia ex rel. Morris v. Mohn, 165 W.Va. 145, 267 S.E.2d 443, 448 (1980). A general rule has developed in the law that where a concurrent sentence will not be imposed as promised, or the sentence bargained for is otherwise illegal, the defendant is entitled to withdraw the plea. Id.; Christoper Vaeth, Annotation, Guilty Plea as Affected by Fact that Sentence Contemplated by Plea Bargain is Subsequently Determined to be Illegal or Unauthorized, 87 A.L.R.4th 384 (1991). Indeed, this Court has previously held that if a petitioner shows that a sentence is void, on remand to the original convicting trial court, a guilty plea may be withdrawn. See e.g., Henderson v. State, 220 Tenn. 520, 419 S.W.2d 176 (Tenn. 1967); McConnell [v. State], 12 S.W.3d [795][,] 800 [(Tenn. 2000)] ("On remand, the trial court may impose a sentence that is mutually agreeable to the State and appellant, so long as the sentence is available under the 1989 Act. If an agreement is not reached, though, appellant may withdraw his guilty plea and proceed to trial on the original charges.").

Id. at 95.

Following our supreme court's ruling in McLaney, this court addressed another case in which a petitioner sought habeas corpus relief based upon an illegal concurrent sentence. In Derrick Sawyers v. State, No. M2006-00607-CCA-R3-HC, 2007 WL 152230 (Tenn. Crim. App. Jan. 16, 2007) ("Sawyers I"), Sawyers was arrested for a Class E felony drug offense and was released on bail (case 1). He was then arrested for a Class C felony drug offense and again released on bail (case 2). Once again, Sawyers was arrested—this time for first degree murder (case 3). Sawyers I, 2007 WL 152230, at *1. Pursuant to a plea agreement, Sawyers was sentenced to three years in case 1, eight years in case 2, and twenty-five years in case 3.[4] Id. The three-year sentence in case 1 was ordered to run concurrently with the eight-year sentence in case 2 but consecutively to the twenty-five-year sentence in case 3, and the eight-year sentence in case 2 was ordered to run concurrently with the twenty-five-year sentence in case 3, for a total effective sentence of twenty-eight years. Id. Nine years after he was sentenced, Sawyers filed a petition for writ of habeas corpus claiming he received an illegal sentence based upon the concurrent alignment of the eight-year sentence in case 2. Id. The petitioner argued that, because he was free on bail when he committed the offenses in cases 2 and 3, the trial court was constrained to impose the sentences in those cases consecutively to each other and to the sentence imposed in case 1. Id. The habeas corpus court dismissed the petition, finding that the "promise of concurrenc[e]" had been fulfilled and that the illegal

---

[4] Sawyers pleaded guilty to the lesser-included offense of second degree murder in case 3.

3

concurrent sentence had expired. Id. On appeal, this court held that, if the eight-year sentence in case 2 had in fact expired, then Sawyers was no longer restrained of his liberty in case 2, and he did not have standing to challenge that sentence in a habeas corpus petition, regardless of whether the sentence was void at its inception. Id. at *6.

With regard to case 1 and case 3, this court stated:

> At first blush, it may appear that McLaney requires that we afford the petitioner relief. We conclude, however, that McLaney itself is serviceable in supporting the habeas corpus court's ruling despite our finding that at least one of the sentences is challengeable as illegal. The McLaney court noted that McLaney "entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal." The court then remarked, "'There can be little doubt that a guilty plea entered pursuant to a plea bargain which promises a concurrent sentence must be set aside *where the promise of concurrenc[e] is not fulfilled*.'" McLaney, 59 S.W.3d at 95 (emphasis added) (quoting West Virginia ex rel. Morris v. Mohn, 165 W. Va. 145, 152, 267 S.E.2d 443, 448 (1980)). By this language, our supreme court, in its discussion of remedy, identified and expressed its concern with the plight of a petitioner who was denied the benefit of his plea bargain-possibly because the Department of Correction did not implement the trial court's illegal sentencing terms. See generally, e.g., Mark A. Percy v. Tennessee Department of Correction, No. M2001-01629-COA-R3-CV, slip op. at 2-4 (Tenn. Ct. App., Nashville, Feb. 26, 2003).

> In the present case, the habeas corpus court found that the petitioner's eight-year, case-2 sentence actually ran concurrently with the other sentences and has, accordingly, expired. Thus, the court stated that the "promise of concurrenc[e] has been fulfilled." If the record before us supported that finding of fact, we would agree that the petitioner would have received the benefit of his bargain.

> Viscerally, we sense no injustice to the petitioner by reason of his plea agreement, and we are loath to mechanistically vacate any of the petitioner's sentences, knowing that the rote application of "reason without conscience might become trickery, or even downright knavery." H. Gibson, Gibson's Suits in Chancery § 67 (5th ed. 1955). The petitioner voices a hollow complaint that, if exploited, might result in "outright knavery." We hold that the "fulfillment of the promise of concurrenc[e]," in effect, purges the judgment in case 3 (and, if need be, in case 1) of the contaminating reference(s) to concurrent sentencing [in case 2].

4

Id. at *7 (footnotes omitted). The court noted, however, that there was no proof in the record establishing that the sentence in case 2 had expired. Consequently, the court remanded the case to the habeas corpus court to determine whether the sentence in case 2 had expired, stating that, if it had, then Sawyers' entire habeas corpus petition could be dismissed. Id.

One week after Sawyers I was issued, our supreme court issued its opinion Summers v. State, 212 S.W.3d 251 (Tenn. 2007) ("Summers I"). In that case, Mr. Summers was charged with first degree murder, aggravated arson, sale of cocaine, and felony escape. Summers I, 212 S.W.3d at 254-55. Mr. Summers pleaded nolo contendre to voluntary manslaughter and guilty to aggravated arson, sale of cocaine, and misdemeanor escape. Id. at 255. Pursuant to a plea agreement, the three felony sentences were ordered to run consecutively for an effective sentence of forty years. Id. The sentence for misdemeanor escape of eleven months and twenty-nine days was ordered to run concurrently with the felony sentences. Id. Thirteen years after he was convicted, Mr. Summers filed a habeas corpus petition alleging that he was being held for the felony charges when he committed the escape and, therefore, the concurrent alignment of his sentence for misdemeanor escape was in direct contravention of Tennessee Code Annotated section 39-16-605(c) and Tennessee Rule of Criminal Procedure 32(c)(3)(B). Id. at 255-56. The State argued that "any illegality is now moot because the escape sentence was served and expired," and consequently, the remaining judgments were voidable, not void. Id. at 257.

Our supreme court stated that it "would agree with the State's argument if all the sentences imposed for the challenged convictions were served and expired before Summers filed his habeas corpus petition." Id. However, the court noted:

> . . . Summers' effective forty-year sentence has not been served and has not expired. The Department of Correction could attempt to require Summers to serve his sentence for escape at the expiration of his other sentences. See [State v. Burkhart, 566 S.W.2d 871, 872 (Tenn. 1978)]. *Nothing in the record eliminates that possibility. We therefore decline to view any illegality in the escape as moot*.

Id. at 258 (emphasis added). However, rather than remand the case to determine whether the sentence for the escape charge had expired, the supreme court reversed this court and affirmed the summary dismissal of Mr. Summer's petition because the judgment was silent as to whether Mr. Summers committed the escape while being held for the other charges and nothing in the record indicated that to be the case. Summers I, 212 S.W.3d at 262 (overruling McLaney, 59 S.W.3d 90, to the extent that it can be interpreted to require appointment of counsel and a hearing whenever a pro se habeas corpus petitioner alleges that an agreed sentence

5

is illegal but does not attach pertinent documents to support the illegal sentence claim).[5]

Following the remand in <u>Sawyers I</u>, the habeas corpus court conducted a hearing at which a representative of TDOC testified that, according to the department's records, TDOC honored the concurrent alignment of the sentence in case 2, the illegal concurrent sentence had been fully served, and the illegal concurrent sentence had expired. <u>Derrick Sawyers v. State</u>, No. M2007-01598-CCA-R3-HC, 2008 WL 2901628, at *5 (Tenn. Crim. App. Jul. 24, 2008), <u>perm. app. denied</u> (Tenn. Jan. 20, 2009) ("<u>Sawyers II</u>"). The trial court again dismissed the petition, and a second appeal followed. <u>Id.</u> at *6. On appeal, this court held that the record clearly established that the illegal concurrent sentence in case 2 had expired, eliminating the possibility that TDOC might require Sawyers to serve the eight-year sentence at the end of his effective twenty-eight year sentence. <u>Id.</u> at *6-7. This court affirmed the trial court's dismissal, finding that the expiration of the illegal concurrent sentence meant that the defendant was no longer restrained of his liberty by an illegal sentence. <u>Id.</u>

Several months after this court's decision in <u>Sawyers II</u>, the general assembly amended the grounds for which a writ of habeas corpus may be sought by adding subsection (b) to Tennessee Code Annotated section 29-21-101, which provides in pertinent part:

> (b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:
>
> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing[.]

Tenn. Code Ann. § 29-21-101(b)(1) (2010).

*Illegal Concurrent Sentences and Rule 36.1*

Rule 36.1, which became effective on July 1, 2013, was adopted to provide a new mechanism for a defendant or the State to seek to correct an illegal sentence. <u>See</u> Tenn.

---

[5] Thereafter, Summers filed another habeas corpus petition attacking his illegal sentence, attaching documentation that showed that he committed the escape while being held on the other charges to which he pled. <u>Summers v. Fortner</u>, 267 S.W.3d 1, 3 (Tenn. Crim. App. 2008) ("<u>Summers II</u>"). The trial court summarily dismissed Summers' petition because he "failed to establish that the illegal sentence was 'a material element of his plea agreement.'" <u>Id.</u> This court reversed the trial court's summary dismissal of the petition and remanded the case for a hearing to determine whether the illegal concurrent sentence was a material element of the plea agreement. <u>Id.</u> at 7-8.

R. Crim. P. 36.1, Advisory Comm'n Cmts. As of August 25, 2015, there have been over seventy-five Rule 36.1 opinions filed by this court, and new opinions are being filed at the rate of approximately two per week. Almost all of the Rule 36.1 motions have been filed by inmates in state or federal custody at the time the motion was filed. The largest number of opinions issued by this court has involved a claim of an illegal concurrent sentence. In each of those opinions, as is true in this case, the sentence was imposed many years, sometimes decades, before the Rule 36.1 motion was filed. In all but one of those opinions, based on the date the plea was entered and the date the Rule 36.1 motion was filed, the entire effective sentence, not just the illegal concurrent sentence, should have been fully served.

"On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require that person seeking relief to be restrained of liberty." State v. Donald Terrell, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014). However, this court is divided when it comes to the relief available to defendants whose illegal sentence has presumably expired. Some members of the court reason that, because Rule 36.1 allows defendants to file their motions "at any time," if a defendant presents a colorable claim, he or she is entitled to a hearing even if the defendant's original sentence has expired. See e.g., State v. Nickelle N. Jackson, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074, at *5 (Tenn. Crim. App. Jul. 14, 2015); Philander Butler v. State, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim. App. Jul. 14, 2015) (McMullen, J. dissenting); Marcus Deangelo Lee v. State, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063, at *3 (Tenn. Crim. App. May 13, 2015); State v. Kevin M. Thompson, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *4 (Tenn. Crim. App. Apr. 1, 2015); State v. Sean Blake, No. W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. Jan. 8, 2015); State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *4 (Tenn. Crim. App. Dec. 26, 2014) (Woodall, P.J. concurring in results); State v. Jerome Wall, No. W2014-00782-CCA-R3-CO, 2014 WL 7332113, at *2 (Tenn. Crim. App. Dec. 23, 2014). Conversely, other members of our court have concluded that, once an illegal sentence has expired, the issue is moot and the defendant is not entitled to relief under Rule 36.1. See e.g., Philander Butler, 2015 WL 4240256, at *3; Marcus Deangelo Lee, 2015 WL 2330063, at *5 (Williams, J. dissenting); John Talley, 2014 WL 7366257, at *3; Donald Terrell, 2014 WL 6883706, at *3-4 (discussing the mootness doctrine in conjunction with Rule 36.1 but concluding that there was not enough evidence in the record to determine if the defendant's sentence had expired); Adrian R. Brown, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014), perm. app. granted (Tenn. May 15, 2015).

Notably, this court in Adrian R. Brown relied on habeas corpus law, specifically Summers I, to conclude that the expiration of an illegal sentence renders a defendant's

7

Rule 36.1 claim moot. 2014 WL 54883011, at *5 (citing <u>Summers I</u>, 212 S.W.3d at 258). The court also stated:

> Mootness is a doctrine regarding the justiciability of a controversy. <u>McIntyre v. Traughber</u>, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). A case is justiciable when it involves "a genuine and existing controversy requiring the present adjudication of present rights." <u>Id.</u> "A moot case is one that has lost its character as a present, live controversy. The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." <u>Id.</u> (citations omitted). When the case may no longer provide relief to the prevailing party, it is considered moot. <u>Id.</u> The direct appeal of a sentence which has been served it in its entirety, for instance, presents a moot question. <u>See</u> <u>State v. Phelps</u>, 329 S.W.3d 436, 451 (Tenn. 2010); <u>State ex rel. Lewis v. State</u>, 347 S.W.2d 47, 48-49 (Tenn. 1961). This is so even when the action alleges that the State acted beyond its jurisdiction. <u>See</u> <u>Summers</u>, 212 S.W.3d at 258; <u>Lewis</u>, 347 S.W.2d at 47.

<u>Id.</u> The court then concluded, "Because the [defendant's] allegedly illegal lengthy sentences have been fully served, we conclude that there is no longer any remedy he can seek from the court to correct any illegality in his sentences, and his controversy is moot." <u>Id.</u> at *6.

*Conclusion*

It is difficult to imagine that anyone involved with the enactment of Rule 36.1 intended for the rule to be used to allow a defendant who received an illegally short (concurrent) sentence to withdraw his or her guilty plea long after the illegal concurrent sentence and, as is true in all but one opinion issued by our court, the entire effective sentence has, in all likelihood, been fully served and has expired. Common sense tells me that retrying defendants who are successful in withdrawing decades-old pleas will be very difficult because evidence may have been destroyed or lost and witnesses may no longer be available. This court may soon be faced with a situation wherein a defendant, seeking to avoid the death penalty for a horrid murder, bargained for a life sentence, and decades later, that murder conviction is vacated as a result of Rule 36.1 motion because a sentence for a lesser-grade felony offense for which the defendant was released on bail was ordered to be served concurrently with the life sentence.

For these reasons, I agree with the conclusion that an expired sentence renders a defendant's Rule 36.1 claim moot. While the language of Rule 36.1 allows a party to *file* the motion "at any time," I believe this language does not mean that *relief can be granted* "at any time." In this way, the text of Rule 36.1 acts as an unlimited "statute of

limitations." As is almost always the case, simply filing a motion, a petition, or a complaint timely, does not mean you will be successful in the outcome. Just because a defendant files his or her Rule 36.1 motion, does not guarantee success even if the sentence when entered was illegal. Once a sentence has expired, the case "has lost its character as a present, live controversy," see Adrian R. Brown, 2014 WL 5483011, at *5, and is moot. I recognize that is but one way to interpret the language of Rule 36.1. However, I believe this interpretation best allows this court to secure fairness in administration. See Tenn. R. Crim. P. 2(b) (providing that the rules of criminal procedure are intended to provide for the "just determination of every criminal proceeding" and are to be construed "to secure fairness in administration").

I disagree with my colleagues, however, to the extent that prior opinions of this court allow trial courts to conclude that a sentence is expired based solely on the date of the Rule 36.1 motion was filed, the date of the conviction, and length of the sentence. Instead, in my opinion, the record must contain proof that the sentence has, in fact, expired, or the trial court must make a factual finding establishing that the sentence has expired. Further, I believe that a claim is moot if the entire effective sentence has expired *and* if only the illegal concurrent sentence has expired.

### a. Expired Effective Sentence

As noted above, if the record clearly shows that an entire effective sentence has been fully served and has expired, it is my opinion that the claim raised by the Rule 36.1 motion is moot and there is no longer "a genuine and existing controversy requiring the present adjudication of present rights." McIntyre, 884 S.W.2d at 137; Adrian R. Brown, 2014 WL 5483011, at *5-6. In this case, if the proof at the hearing on remand establishes that the entire effective sentence has been fully served, then the Defendant's Rule 36.1 claim is moot and should be dismissed.

### b. Expired Concurrent Sentence that was Illegal when Imposed

The stated reason our supreme court in Summers I "decline[d] to view any illegality in the escape sentence as moot" was that TDOC could attempt to require the illegal concurrent sentence to be served at the expiration of the [unexpired] sentences. Summers I, 212 S.W.3d at 258. In this case, if the proof at the hearing on remand establishes that the illegal concurrent sentence has been fully served and has expired, it is my opinion that any illegality in the concurrent sentence is moot even if the entire effective sentence has not yet been fully served. See Summers I, 212 S.W.3d at 258. Moreover, if the proof establishes that the illegal concurrent sentence is fully served and expired, I would hold that the fulfillment of the promise of concurrence, in effect, purged

from the judgments any contaminating references to concurrent sentencing.  See Sawyers I, 2007 WL 152230, at *7.  In this way, any unexpired sentence is made legal, and the Defendant would not be entitled to relief under Rule 36.1.

Accordingly, I respectfully concur with the reversal of the summary dismissal of the Rule 36.1 motion but would remand the case for a hearing to initially determine whether the Defendant's three-year illegal concurrent sentence is fully served and expired and, if so, for the trial court to dismiss the motion as moot.


_____
ROBERT L. HOLLOWAY, JR., JUDGE