IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## JERRY FAULKNER a/k/a JOSEPH FAULKNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-28323      James C. Beasley, Judge**

---

**No. W2004-02354-CCA-R3-HC   - Filed December 12, 2005**

---

On January 27, 2004, the Shelby County Criminal Court accepted the guilty pleas of Jerry Faulkner, also known as Joseph Faulkner, the petitioner, on three counts of aggravated robbery and a single count of aggravated rape.  The effective 20-year sentence was imposed to run concurrently with another state sentence and "all Federal convictions."  On April 13, 2004, the petitioner, who was incarcerated in a federal facility in Memphis, filed a petition in the conviction court for a writ of habeas corpus.  Because the petitioner was in federal custody, the habeas corpus court dismissed the petition, and the petitioner appealed.  Following our review, we affirm the order of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Jerry Faulkner a/k/a Joseph Faulkner, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

This court's opinion on direct appeal of the denial of post-conviction relief describes the history of the petitioner's case prior to the January 27, 2004 guilty pleas, *see Joseph T. Faulkner v. State*, No. W1999-00223-CCA-R3-PC (Tenn. Crim. App., Jackson, Oct. 17, 2000):

On June 30, 1998, the appellant, Joseph T. Faulkner, also known as "Jerry Faulkner," entered guilty pleas to one count of aggravated rape and three counts of aggravated robbery in the Shelby County Criminal Court.  The negotiated plea agreement provided that

the appellant would serve an effective twenty-five year sentence to be served concurrently with his federal sentence imposed pursuant to his guilty plea under federal indictment No. CR-97-20098-G. The judgment forms reflect that the appellant's state sentences were "to be served in federal custody." The appellant is currently serving a TDOC sentence at the Hardeman County Correctional Facility, a state facility. He has never been released to federal custody.

Relying upon the fact that he remains in state custody, the appellant filed a petition for post-conviction relief alleging that his guilty pleas were not knowingly and voluntarily entered. He argues, in effect, that his bargained for concurrent state and federal sentences have become consecutive by the federal government's refusal to accept him into their custody. The post-conviction court denied the appellant relief, finding that the appellant "has presented no evidence to support [his] allegation" that "the State refused to release him to federal authorities or that federal authorities in fact requested the State to release him to their custody." The court further found that "the State has no authority under the Supremacy Clause of the Federal Constitution to either require federal authorities to take possession of Petitioner or guarantee Petitioner's sentence will be served in federal custody."

*Id.*, slip op. at 2 (footnotes omitted). Because, subsequently to the 1998 guilty pleas, "action by federal authorities rendered the plea agreement incapable of enforcement," *id.*, slip op. at 4, this court in the post-conviction appeal determined that the petitioner's pleas were not made knowingly and reversed the convictions, *id.*, slip op. at 4-5. In crafting a remedy, this court adopted language from *Derrick E. Means v. State*, No. 02C01-9707-CR-00248 (Tenn. Crim. App., Jackson, Aug. 13, 1998) (*per curiam*):

Fashioning relief for the petitioner will take the combined good faith efforts of all involved. The parties are first encouraged to make every effort to fulfill the intent of the plea bargain. Specific performance may, however, be impossible to effectuate. Both defense counsel and the district attorney's office, while taking steps to preserve the integrity of the state sentence, should contact federal authorities and determine whether the federal authorities would be willing to accept the petitioner for his federal sentence.

If specific performance is an impossibility, the parties should enter into new plea negotiations taking into account the intentions of the failed plea agreement. The agreement failed through no fault of the petitioner. In our view, plea negotiations and sentencing should

take into account the time the petitioner has served in prison and in the county jail. If these avenues do not provide a satisfactory resolution, the petitioner may be allowed to withdraw his guilty pleas altogether and face trial.

*Joseph T. Faulkner*, slip op. at 5.

Apparently, following remand, the parties entered into a second plea agreement, which provided for an effective sentence of 20 years to be served concurrently with another state sentence and with the petitioner's federal sentence. The agreement was approved on January 27, 2004.

The petition for habeas corpus relief now under review alleges, *inter alia*, that the 2004 sentences are illegal because of the concurrent alignment of the state sentences with a prior state sentence. The petitioner claims that he was on parole when he committed the offenses resulting in the convictions now being challenged.[1] On appeal, he argues that Tennessee Code Annotated section 40-20-111(b) required that the sentences as imposed in 1998 and again in 2004 must be served consecutively to the sentence for which he was on parole and that the concurrent alignment rendered the new sentences illegal and void. *See* Tenn. Code Ann. § 40-20-111(b) (2003) ("In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.").

## I. Principles of Habeas Corpus

The legal issues raised in a habeas corpus proceeding are questions of law, and our review of questions of law is de novo. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("[W]hether to grant the petition [for habeas corpus relief] is a question of law that we review *de novo*."); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal de novo).

Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003). Habeas corpus relief in Tennessee, however, is available only when the aggrieved party's conviction is void or the sentence has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

---

[1] The petitioner alleges that he "was on parole for some cases [he] caught in 1998-199[9] (A Void Judgment) is one [sic] facially invalid because the trial court lacked Jurisdiction . . . to render the judgment. The defendant is stating that his Convictions is [sic] Void on the basis of the above fact[]s . . . ."

-3-

A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Id.*; *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in this case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issue is limited to the claim that the court was without authority to enter the judgment. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

The invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for habeas corpus relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a habeas corpus proceeding). For an illegal-sentence claim to support a claim for habeas corpus relief, however, the illegality of the sentence must be egregious to the point of voidness. *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Our supreme court has stressed that a habeas corpus action is "the proper procedure for collaterally challenging an illegal sentence." *Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005).

In *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), the habeas corpus petitioner complained that his concurrent alignment of a sentence for a pre-bail offense with sentences for post-bail offenses was void. *See id.* at 92. Apparently, McLaney bargained for and obtained a global plea agreement that embraced sentences for aggravated rape (the pre-bail offense) and for rape and burglary (the post-bail offenses). *See State v. Jackie W. McLaney*, No. 74 (Tenn. Crim. App., Knoxville, Mar. 31, 1988). In *McLaney*, the supreme court said that "if the facts [were] as alleged, the trial court imposed a sentence in direct contravention of the sentencing act, . . . [and] this would create an illegal sentence." *McLaney*, 59 S.W.3d at 93. The supreme court required the habeas corpus court to determine whether "the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail." *Id.* at 94. Furthermore, the *McLaney* court directed that should the habeas corpus court find that to be the case – with the result that the sentences in the latter cases would be void – "on remand to the original convicting trial court, a guilty plea may be withdrawn." *Id.* at 95. The court reasoned that because "McLaney entered his guilty plea in exchange for a concurrent sentence which was, in actuality, illegal, . . . [he] is entitled to withdraw the plea." *Id.* (citations omitted).

*II. The Petitioner's Claim to Habeas Corpus Relief*

A. The Basis for a Claim of Sentence Illegality

The first step in analyzing *McLaney*'s application to the present case is to acknowledge that the petitioner inaptly relies upon Tennessee Code Annotated section 40-20-111(b), the Code section at play in *McLaney*, that mandates consecutive alignment of sentences when a felony offense is committed while the offender is on *bail* for another offense. The petitioner's claim

-4-

is that he was on *parole* when he committed the crimes for which he was sentenced in 1998 and again in 2004. As such, the mandatory terms of Code section 40-20-111(b) have no application to the present case.

That said, the terms of Tennessee Code Annotated section 40-28-123(a) do apply:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.

Tenn. Code Ann. § 40-28-123(a) (2003). Our supreme court has said that this "statute is mandatory[,] and when the prisoner does violate his parole he is required to serve the remainder of this sentence." *Henderson v. State,* 220 Tenn. 520, 523, 419 S.W.2d 176, 178 (1967). This court has previously held that the principles of *McLaney* apply with equal force to a violation of Code section 40-28-123(a) as they do a violation of section 40-20-111(b). *See Robert A. Atkins v. James M. Dukes*, No. W2001-01311-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, Jan. 8, 2002) ("We note that even though the defendant in *McLaney* was granted concurrent sentences for a felony committed while on bail for another felony conviction, the result is the same under the statute providing for conviction of a felony committed while on parole for a prior felony conviction, [Tennessee Code Annotated section 40-28-123(a)].").

B. The Petitioner's Status As a Habeas Corpus Claimant

We now address the issue of whether the petitioner is an eligible candidate for habeas corpus relief, an issue implicated by (1) the requirement of Tennessee Code Annotated section 29-21-101 that the petitioner be imprisoned or otherwise in restraint of liberty, *see* Tenn. Code Ann. § 29-21-101 (2003), and by (2) Tennessee Code Annotated section 29-21-102, which provides that

> [p]ersons committed or detained by virtue of process issued by a court of the United States, or a judge thereof, in cases where such judges or courts have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of suits in such courts, are not entitled to the benefits of this writ,

*id.* § 29-21-102.

### 1. Restraint of Liberty

The first question that comes to mind is whether the petitioner's concurrent service of a federal sentence with the challenged state sentences equates to a restraint of liberty for purposes of habeas corpus relief. We conclude that it does.

We are mindful that, to have standing to seek a writ of habeas corpus, the petitioner must be imprisoned or restrained of liberty as a "direct consequence" of the challenged 2004 state judgments. *See Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004). By the terms of the judgments in the present case, the petitioner is serving the resulting sentences while in federal custody by serving a federal sentence. Thus, we must determine whether he is imprisoned or restrained of his liberty *as a direct consequence* of the Tennessee sentences.

Tennessee courts have said, "The sole relief available under Tennessee's habeas corpus statute is discharge from custody." *Kenneth Kersey v. State*, No. 01C01-9604-CR-00128, slip op. at 3 (Tenn. Crim. App., Nashville, June 6, 1997); *see Taylor v. Morgan*, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). In *Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656 (1968), the habeas corpus petitioner received consecutive ten-year sentences for two armed robbery convictions, and he challenged the first conviction, but not the second. Our supreme court rejected the habeas corpus claim that challenged one conviction when the petitioner was also subject to lawful restraint by the second conviction. The court stated that "[n]o provision is made for passing on the validity of a judgment other than to release or detain" under the habeas corpus statute that is now Tennessee Code Annotated section § 29-21-122. Although the court recognized that it would be unreasonable to require a prisoner to serve a void judgment solely because it was followed by a consecutive sentence, it saw no injustice in requiring a prisoner to serve the time that is conceded to be valid before application may be made. *Id.* at 55-56, 432 S.W.2d at 658.

The implications of *Ussery* aside, we believe that the discharge-from-custody requirement is not applicable when a petitioner challenges a sentence that is being served concurrently with an unchallenged sentence. "When two sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence. Concurrent sentences do not necessarily begin and end at the same time – they simply run together during the time they overlap." *Brown v. Tenn. Dept. of Corr.*, 11 S.W.3d 911, 913 (Tenn. Ct. App. 1999). Essentially, the petitioner *is serving* his 2004 Tennessee sentences. We conclude that the petitioner, therefore, is imprisoned as a direct result of his 2004 Tennessee convictions and sentences and that because he is imprisoned, his liberty is obviously restrained.

We acknowledge that Tennessee Code Annotated section 29-21-122(a) states that "[i]f no sufficient legal cause of detention is shown, the plaintiff shall be discharged"; however, subsection (b) states:

The party detained shall be remanded to custody:

(1) If it appears the party is detained by virtue of process issued by a court or judge of the United States, in a case where such court or judge has exclusive jurisdiction;

(2) Where the time during which such party may be legally detained has not expired;  or

(3) In every case in which the detention is authorized by law.

Tenn. Code Ann. § 29-21-122 (2000).   Thus, although a discharge of the petitioner is warranted when no sufficient legal cause of a detention is shown, the petitioner may nevertheless be remanded to custody when continued custody is mandated by a different basis for detention.  Such is the petitioner's case; he is imprisoned as a direct result of his 2004 Tennessee convictions.

## 2.  Tennessee Code Annotated section 29-21-102

The other potential impediment to the petitioner's claim to a writ of habeas corpus is the limitation set forth in Code section 29-21-102 that persons confined via process issued by federal judges or courts when "such judges or courts have exclusive jurisdiction under the laws of the United States . . . are not entitled to the benefits of this writ."  Tenn. Code Ann. § 29-21-102 (2000).  In our view, this limitation upon access to a Tennessee writ of habeas corpus implicates the primary result and benefit of the writ – the command to bring the body of the petitioner before the court.[2]

The common usage of the term "habeas corpus" implicates a writ of habeas corpus *ad subjiciendum*, a "writ directed to the person detaining another, and *commanding him to produce the body of the prisoner . . .* to do, submit to, and receive whatsoever the judge or court awaiting the writ shall consider in that behalf."  *Black's Law Dictionary* 865 (3d ed. 1933) (emphasis added).

---

[2] In *Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004), our supreme court expounded on the imprisonment-or-restraint-of-liberty requirement.  The court opined that a petitioner is not restrained of his liberty via an expired state sentence merely because that state conviction resulted in the enhancement of a federal sentence.  *Id.* at 23 ("[W]e hold that a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement.*").*  In determining that Hickman's expired state sentence posed no restraint of liberty for habeas corpus purposes, the court avoided a determination whether Tennessee Code Annotated section 29-21-102's disqualification of federal petitioners *per se* required dismissal of Hickman's petition.  *See id.* at 24 n.5 ("Because Hickman's petition does not indicate his place of confinement and because this case may be resolved on other grounds, we need not consider whether . . . section 29-21-102 precludes persons in federal custody from seeking habeas corpus relief from Tennessee judgments.").

In *Xavier S. Todd v. State*, No. W2005-00681-CCA-R3-HC (Tenn. Crim. App., Jackson, Sept. 16, 2005), this court utilized Code section 29-21-102 to determine that Todd, a federal prisoner, was not entitled to seek habeas corpus relief in state court; however, the court emphasized that the state sentence being challenged by the habeas corpus petition had expired.  *Id.*, slip op. at 3.   The court observed, "While this Court is of the opinion that an issue of whether a prisoner in federal custody but whose state sentence has not yet expired may seek state habeas corpus relief, such is not the circumstance in the case *sub judice*." *Id.*

"The design of the writ is to secure the *forthcoming of the plaintiff* to have a fair trial of the legality of his imprisonment." Samuel B. Gilreath, *Caruthers' History of a Lawsuit* § 564 (1937) (emphasis added). Thus, although courts may commonly speak of habeas corpus relief being granted or denied when referring to the officiating court's adjudication of the legality of the petitioner's restraint, the literal purpose of the writ is to command the delivery of the petitioner's person into the physical presence of the officiating court as a predicate to adjudicating the legality of the restraint.

In our view, Tennessee Code Annotated section 29-21-102 merely recognizes that, as a function of federal sovereignty, a state court may not command an official action by a federal officer. *Tarble's Case* 13 Wall. 37, 411-12, 80 U.S. 397, 411-12 (1871) (rejecting claim that a state writ of habeas corpus could direct the delivery or discharge of a prisoner "held by an officer of the United States" and directing that a state court should proceed "no further when it appears . . . that a prisoner is held by an officer of the United States under . . . the authority of the United States. . . ."). Thus, in the present case, the petitioner may not seek a writ that, to be satisfied, requires a federal functionary to submit to the dominion of a state court.

## III. Conclusion

The result is that, even though the petitioner's unexpired 2004 state sentences running concurrently with a federal sentence may otherwise be subject to collateral attack, the petitioner does not enjoy the benefit of the writ of state habeas corpus because a state court cannot command compliancy by the petitioner's federal jailer. For this reason, the judgment of the criminal court is affirmed.

---

JAMES CURWOOD WITT, JR., JUDGE