IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 14, 2006

## FREDRICK L. BROWN, JR. v. VIRGINIA LEWIS, WARDEN and STATE OF TENNESSEE

Appeal from the Circuit Court for Bledsoe County
No. 52-2006    Buddy D. Perry, Judge

No. E2005-02549-CCA-R3-HC - Filed February 22, 2007

The Petitioner, Fredrick L. Brown, Jr., appeals the summary dismissal of his petition for writ of habeas corpus. The Petitioner claims that the concurrent life sentences he is serving for two first degree murder convictions are illegal and void because the second offense was committed while he was out on bail for the first offense and that, under these circumstances, Tennessee law mandates consecutive sentencing. A recent decision of the Tennessee Supreme Court compels our conclusion that summary dismissal was proper. The judgment of the Bledsoe County Circuit Court is affirmed.

**Tenn. R. Ap. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Fredrick L. Brown, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In the habeas corpus petition filed in the trial court, the Petitioner argued that his guilty pleas to two counts of first degree murder were void in that the sentencing court lacked the authority to accept a plea and enter concurrent life sentences, when concurrent sentencing was in direct contravention of Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated section 40-20-111(b). The trial court in this habeas corpus proceeding summarily dismissed the petition and did not grant the Petitioner's request for counsel, and the Petitioner is proceeding pro se on appeal. The record on appeal before this Court contains only the petition, the State's motion to dismiss the petition, the Petitioner's response to the State's motion to dismiss, and the trial court's order of dismissal.

The facts underlying the convictions were set forth by this Court in the Petitioner's post-conviction appeal as follows:

> [O]n April 27, 1993, the [Petitioner] entered guilty pleas to the September 5, 1991, murder of Samuel R. Scott and the March 24, 1992, murder of Corey C. Strickland. The victim, Scott, was shot seven times while attempting to flee from the [Petitioner]. Three witnesses observed the shooting. The second victim, Strickland, was murdered by the [Petitioner] during the course of a robbery. Again, eyewitnesses were present at the murder scene.

Fredrick L. Brown v. State, No. 03C01-9701-CR-00034, 1998 WL 481941, at *1 (Tenn. Crim. App., Knoxville, Aug. 17, 1998), perm. to appeal denied, (Tenn. Mar. 22, 1999).[1] The Petitioner did not pursue a direct appeal from his convictions or sentences. He did seek post-conviction relief, contending that his pleas were involuntary "because his trial counsel misled him as to the length of sentences that would be imposed. " Id. at *1. This Court denied relief. See id. at *3.

The Petitioner attached to his habeas corpus petition copies of the two indictments for first degree murder and the respective judgments of conviction, each entered on a plea of guilty, rendered in the Criminal Court of Hamilton County. The copies of the judgments of convictions provided by the Petitioner reflect that he pled guilty in Hamilton County on April 27, 1993, to two counts of first degree murder and received a sentence of life for each conviction. Although entered on the same day and by the same trial judge, the trial judge did not indicate on the judgments whether these two sentences were to be served concurrently or consecutively. The offense date for each murder conviction is different; however, the copies of the indictments submitted by the Petitioner do not show a return date by the grand jury. According to the Petitioner, after he was charged with the first murder—offense date September 5, 1991—he was released on bail but was then subsequently arrested and charged with the second murder—offense date March 24, 1992

On October 12, 2005, the State moved for summary dismissal of the petition on the basis that, because the judgments did not reference each other, the Petitioner had failed to establish that concurrent sentences were imposed in contravention of Tennessee Code Annotated section 40-20-111(b). On the same day, the trial court entered an order of summary dismissal,[2] concluding that the Petitioner had failed to establish that the judgments were void and reasoning as follows:

> The Petitioner asserts that his sentences are in direct contravention of Tenn. Code Ann. Section 40-20-111, which mandates consecutive sentences when a defendant commits a felony while on bail and is convicted of both offenses.

---

[1]The Petitioner has requested that we take judicial notice of this Court's opinion in his post-conviction appeal.

[2]The Petitioner's response to the motion to dismiss, which was submitted on October 21, 2005, was not received until after the order of summary dismissal had been filed.

However, the judgments do not order Petitioner's sentences to be served concurrently. Neither judgment refers to the other. The Petitioner has failed to establish that the trial court imposed concurrent sentences in contravention of Tenn. Code Ann. Section 40-20-111. Since no illegality of the sentences are evident on the face of the judgments, the judgments are at most voidable and not void. Hogan v. Mills, 168 S.W.3d 753, 757 (Tenn. 2005).

It is from this determination that the Petitioner now appeals.

**ANALYSIS**

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001), overruled in part by Charles G. Summers v. State, – S.W.3d –, No. M2004-02806-SC-R11-HC, 2007 WL 160955, at *9 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

A sentence imposed in direct contravention of a statute is illegal and thus void. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

At the outset, we note that the Petitioner has substantially complied with the pleading requirements for filing a petition for writ of habeas corpus. See Tenn. Code Ann. § 29-21-107. Relying on our supreme court's ruling in McLaney, as he did in the trial court, the Petitioner advances his argument on appeal: His guilty pleas were void because the concurrent sentences imposed by the sentencing court as a result of the pleas were in direct contravention of the law. Tennessee Code Annotated section 40-20-111 mandates, in pertinent part, as follows:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tenn. Code Ann. § 40-20-111(b). Furthermore, Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure provides for consecutive sentencing under the following circumstances:

> Where a defendant is convicted of multiple offenses from one trial or where the defendant has additional sentences not yet fully served as the result of the convictions in the same or other court and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) To a sentence for a felony committed while on parole for a felony;
> (B) To a sentence for escape or for a felony committed while on escape;
> (C) To a sentence for a felony where the defendant was released on bail and the defendant is convicted of both offenses; and
> (D) Any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3).

The habeas corpus court dismissed the petition in this case because the Petitioner failed "to establish that . . . his judgments are void." The State first contends that the trial court properly dismissed the petition summarily because the Petitioner did not provide factual documentation to support his argument. Although the Petitioner attached to his petition copies of the Hamilton County indictments and judgments of his convictions, the Petitioner did not present any evidence to the trial court to establish that he was, in fact, on bail during the commission of the offenses at issue.

The Petitioner contends that Dwight K. Pritchard v. State, No. M2005-00594-CCA-R3-HC, 2005 WL 3487842, at *3 (Tenn. Crim. App., Nashville, Dec. 16, 2005) (Hayes, J., dissenting), perm. to appeal filed, (Tenn. Feb. 14, 2006), is persuasive under the facts of this case. In Pritchard, this Court, relying on McLaney, remanded for the appointment of counsel and an evidentiary hearing, reasoning in part as follows:

> The procedural history of the habeas corpus case before us is almost identical to the history set forth in McLaney. The petitioner in McLaney, proceeding without the benefit of counsel, filed a habeas corpus petition challenging the constitutionality of his guilty pleas in light of the trial court's imposition of concurrent sentences in contravention of Tennessee Code Annotated section 40-20-111(b) and Tennessee

-4-

Rule of Criminal Procedure 32(c)(3)(C).  59 S.W.3d at 92. The petitioner asserted in his petition that he was released on bail for one charge of rape when he was subsequently charged with third degree burglary and another offense of rape.  Id. The petitioner thereafter pled guilty to all three charges and the trial court imposed concurrent sentences.  Id.

The habeas corpus court in McLaney denied relief on the petitioner's claim. Id.  This Court affirmed the judgment on appeal.  Jackie McLaney v. State, No. M1998-00187-CCA-R3-CD, 1999 WL 1073689 (Tenn. Crim. App., Nashville, Nov. 29, 1999).  This Court held that, if the facts alleged by the petitioner were true, habeas corpus relief would not be available even though the sentences were void because the habeas court, which was not the same court as the sentencing court, did not possess the power under its habeas corpus jurisdiction to allow the withdrawal of the guilty pleas or correct the illegal sentences.  Id. at *2.  Our supreme court disagreed.  The supreme court concluded that the petitioner's sentence was subject to being set aside at any time if the facts established that the sentence imposed by the trial court was in direct contravention of the statute.  McLaney, 59 S.W.3d at 94 (citing McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000)).  The court also noted, however, that habeas corpus relief would be available only if it was evident on the face of the judgment or the record of the underlying proceedings that the sentence was illegal.  Id.  Although the petitioner in McLaney apparently did not present proof that he was, in fact, on bail during the commission of the subsequent offenses, the supreme court decided it was error for the habeas court to summarily dismiss the petition.  Id.  Our supreme court stated:

The trial court in this case, finding no clear proof in the documents submitted with the petition that the sentence was void, dismissed the petition.  Had McLaney been represented by counsel, we would find no error in this dismissal.  Had an attorney been appointed, if the record of the underlying proceedings clearly showed that the latter rape and burglary offenses were committed while McLaney was on bail, appointed counsel presumably would have brought those records to the attention of the court, and a determination whether the judgment was void could have been resolved on the merits.  Indeed, McLaney filed a motion for appointment of counsel and clearly had a right to appointed counsel if the trial court found him to be indigent.  Tenn. Sup. Ct. R. 13, § 1(d)(4); Tenn. Code Ann. § 8-14-205 (1997).  Under these circumstances, the trial court erred in failing to consider the motion for appointment of counsel prior to dismissal of the case.

Id. (footnote omitted).  The supreme court remanded the case to the habeas court for appointment of counsel and a determination of whether the petitioner was on bail

when he committed the latter offenses. Id. at 95. The court stated that if the record of the underlying convictions showed the petitioner was on bail, "then the sentence is void and the habeas corpus court is mandated by statute to declare it so." Id. at 94. The habeas corpus court would then transfer the case to the convicting court to decide whether the petitioner's guilty pleas were knowing and voluntary. Id. at 95.

Pritchard, 2005 WL 3487842, at *3-4.

The State also contends that the trial court properly denied habeas corpus relief because the judgments do not refer to one another and do not state that the sentences are to be served concurrently. Thus, according to the State, there is no illegality evident from the face of the judgments. The State does not mention the holding in McLaney in its brief but cites to Hogan v. Mills, 168 S.W.3d 753 (Tenn. 2005), in order to distinguish the facts in this case from the facts in McLaney. Similarly, the habeas corpus court did not refer to McLaney in its dismissal order but only cited to Hogan.

In Hogan, the petitioner contended, among other things, that his 1985 sentences were illegal and void because they ran concurrently with his 1981 sentence. 168 S.W.3d at 754. Hogan alleged that he was on parole at the time he committed the 1985 offenses and, thus, consecutive sentencing was mandated under Tennessee Rule of Criminal Procedure 32(c)(3)(A). Id. at 755. Our supreme court concluded that, because the judgment forms relating to Hogan's 1985 convictions were silent as to whether the sentences were to be served concurrently or consecutively to his prior 1981 sentence, the petitioner had "failed to establish the trial court imposed sentences concurrent with Hogan's prior felony sentence in contravention of Rule 32(c)(3)(A)." Id. at 757. The Hogan Court, in distinguishing the facts of that case from McLaney, reasoned, "[T]he judgments themselves do not refer to Hogan's prior conviction or his parole status. The record before this Court does not indicate that the trial court was even aware of Hogan's parole status in sentencing him for the 1985 convictions." Id.

However, in the present case, while the judgment forms are silent as to whether the life sentences were to be served concurrently or consecutively to each other, the judgments of conviction for the two murders were entered on the same day, in the same court, and by the same judge. The Petitioner entered guilty pleas to both murders on the same day. The time between the murders—from September 5, 1991, to March 24, 1992—certainly allows for the possibility that the Petitioner was on bail at the time of commission of the second offense.[3]

---

[3]We note that the judgment of conviction for the September 5, 1991 murder reflects pretrial jail credit from September 5, 1991, to April 27, 1993. Regarding the March 24, 1992 murder, the judgment of conviction reflects pretrial jail credit from what appears to be March 26, 1992, until April 27, 1993, later amended to April 26, 1993. Based upon the notation of pretrial jail credits on the judgments of conviction, the Petitioner argues that it can be circumstantially inferred that he was on bail at the time he committed the second offense.

Importantly, this Court in the Petitioner's post-conviction appeal stated that the Petitioner, "*in accordance with the State's recommendation*, received two *concurrent* sentences of life imprisonment." Brown, 1998 WL 481941, at *1 (emphasis added). Moreover, the post-conviction court found,

> The transcript of the guilty plea hearing clearly reflects that, at least on four specific occasions, [the Petitioner] was informed that he would be pleading to two concurrent life sentences. Those instances occurred during (1) the district attorney general's recommendation of punishment, (2) the trial court's advisement of the penalties provided by law, (3) the statement by trial counsel before sentencing, and (4) the imposition of sentence by the trial judge.

Id. at *2. Unlike Hogan, it is clear that the trial court was aware of both convictions and intended to order concurrent sentencing for the two convictions. We cannot agree with the State that the petition was properly dismissed summarily because consecutive sentencing was mandated by Rule 32(c)(3) regardless of whether the judgment forms explicitly so order.

Finally, it appears from the post-conviction opinion of this Court that concurrent life sentences were a "bargained for" element of the Petitioner's plea agreement.[4] See Smith v. Lewis, 202 S.W.3d 124, 129-30 (Tenn. 2006). In Smith, our supreme court stated as follows:

> McLaney and McConnell stand for the proposition that, when a defendant bargains for and receives an illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommencement of the prosecution. See also Henderson v. State ex rel. Lance, 220 Tenn. 520, 419 S.W.2d 176, 178-79 (1967) (holding that defendant was entitled to withdraw guilty plea upon habeas corpus proceedings where he pled guilty in exchange for an illegal sentence). These cases recognize that where "the sentence bargained for is otherwise illegal, the defendant is entitled to withdraw the plea." McLaney, 59 S.W.3d at 95. To hold otherwise would inflict upon a misled defendant a sentence to which he or she did not agree. On the other hand, allowing a misled defendant to withdraw his or her plea upon the discovery that his or her bargained-for sentence is illegal will encourage trial judges and prosecutors to ensure that only legal sentences are bargained for and imposed.

Smith, 202 S.W.3d at 129.

---

[4]The State also agreed not to pursue aggravated assault charges against the then eighteen-year-old Petitioner, which he allegedly committed while a juvenile. See Brown, 1998 WL 481941, at *1.

Here, it appears that the Petitioner bargained for and received an illegal sentence. Thus, we are unable to distinguish this case from McLaney. Given the similarities between McLaney and the case currently before this Court, based solely on McLaney we would remand for appointment of counsel and an evidentiary hearing. However, based upon on our supreme court's recent decision in Summers, 2007 WL 160955, we conclude that summary dismissal predicated on the ground that the Petitioner did not provide factual documentation to support his contention that he was, in fact, on bail during the commission of the offenses at issue was proper. In Summers, the Tennessee Supreme Court ruled as follows:

> For the reasons stated herein, we overrule McLaney to the extent that it can be interpreted to require the appointment of counsel and a hearing whenever a pro se habeas corpus petition alleges that an agreed sentence is illegal based on facts not apparent from the face of the judgment. We hold that summary dismissal may be proper when, as in this case, the petitioner fails to attach to the habeas corpus petition pertinent documents from the record of the underlying proceedings to support his factual assertions.

Summers, 2007 WL 160955, at *1. The court explained,

> Although we decline . . . to modify the holding in McLaney with respect to the scope of the remedy when habeas corpus relief is granted, we take this opportunity to clarify McLaney with respect to the procedural requirements for seeking such relief. McLaney has been read to dictate that whenever a pro se petitioner fails to attach to his habeas corpus petition pertinent documents from the record of the underlying proceedings, he must be afforded the opportunity, with the assistance of counsel, to cure any deficiency in his filings.[5] This reading of McLaney is inconsistent with applicable statutes and prior decisions permitting summary dismissal, without the appointment of counsel, unless the alleged illegality is apparent from the pro se petition and the documents attached thereto.

Id. at *6. Indeed, this Court, in dealing with McLaney, has noted that, in cases such as these, the trial court arguably ruled appropriately under the general principles of habeas corpus law but that the holding in McLaney mandated a different result. See Pritchard, 2005 WL 3487842, at *3. We note that McLaney himself would not be entitled to relief under the holding in Summers because there was "no clear proof in the documents [McLaney] submitted with the petition that the sentence was

---

[5] See, e.g., Larry Dotson v. State, No. M2005-00436-CCA-R3-HC, 2006 WL 264269, at *3 (Tenn. Crim. App., Nashville, Jan. 31, 2006), perm. to appeal filed, (Tenn. Apr. 3, 2006); Pritchard, 2005 WL 3487842, at *4; Gregory Eidson v. State, No. M2005-00150-CCA-R3-HC, 2005 WL 1353310, at *4 (Tenn. Crim. App., Nashville, June 8, 2005); Anthony K. Goods v. Tony Parker, Warden, No. W2003-02914-CCA-R3-HC, 2004 WL 2309901, at *3 (Tenn. Crim. App., Jackson, Oct. 13, 2004). (footnote in original).

void . . . ." <u>McLaney</u>, 59 S.W.3d at 94. This Court will now attempt to follow <u>Summers</u>. Therefore, we conclude that, because the judgments are "facially valid" and the Petitioner "failed to support his factual assertions with pertinent documents from the record of the underlying proceeding," summary dismissal was proper. <u>Summers</u>, 2007 WL 160955, at *9.

## CONCLUSION

For the reasons stated herein, we conclude that the trial court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

_____
DAVID H. WELLES, JUDGE